Howell, J.
The plaintiffs, who are attorneys at law, sue the succession of James N. Brown for one thousand dollars for professional services, alleged to have been rendered to said succession, at the request of one of the heirs in the suit instituted by her for the removal *412 of the dative testamentary executor, entitled: “Mary E. Brown and husband v. James A. Ventress,” which resulted successfully.
The answer is that the alleged services were rendered at the request and for the benefit of the plaintiffs in said suit, which was instituted and carried on against the express wishes of the other heirs, who joined in the defense thereof.
Judgment was rendered in favor of plaintiffs for six hundred dollars, and both parties appealed.
On the trial below the plaintiffs offered the opposition of one of the heirs to an account filed by the dative testamentary executor before his removal, and extracts from the testimony thereon of said opponent and that of another heir, both of whom had opposed the removal, in order to prove that they did so in error and under the influence of false representations made to them by said dative testamentary executor of the correctness and faithfulness of his administration.
This evidence is'in the record and, if admissible, it does not prove that the said heirs changed their position in the destitution suit and joined the plaintiffs therein. It seems from the evidence that the said heirs became aware of the alleged misrepresentations after the judgment of destitution was rendered.
The main question is, is the succession liable for this claim ?
Plaintiffs rely on the case of Friend v. Graham’s administrator, 10 La. 440, to maintain the affirmation. In that case the court said: “The removal of the curator inured to the benefit of the succession, i. e., the creditors and heirs, qui senüt commodum, débet sentiré et onus. If the succession, after paying the creditors of the deceased, leave nothing' for the heirs, the former will be exclusively benefited by the services of the plaintiffs. Should there be a surplus for the heirs, then the debts of the succession will be taken therefrom. In either case justice will be done.
The court of probates did not err in sustaining the claim of plaintiffs against the succession, although “the services (professional) were rendered at the request of some of the heirs.”
This, it is contended, is overruled in the case of Roselius v. Delahaise, 5 An. 481, where the principle was established that the right of an attorney at law to remuneration depends on a contract (or appointment) and that he can not recover from one who did not employ him, however valuable may be the result of his services to such person.
This, we think, is the correct doctrine and the one which has since been followed. See 11 An. 596.
In reference to the case in 10 La., above cited, it may be said, that no one heir, as such, represents the succession, so as to bind it, and if he thinks his interest in the succession is of such extent or importance *413 as to warrant him in sueing for the removal of the curator or other representative, lie should bear the expense of the counsel employed by him for that purpose. He could hardly expect the succession to pay the fee if he failed.
It is therefore ordered that the judgment appealed from be reversed and that there be judgment in favor of the defendant, with costs in both courts.